IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CV-76-FL

| | | |
|---|---|---|
| JULIUS LORENZO KELLEY, SR., | ) | |
| | ) | |
| Plaintiff/Claimant, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION,[1] | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before this court on the motion [DE-14] filed by Defendant Michael J. Astrue, Commissioner of Social Security ("Defendant"), to dismiss the Complaint of *pro se* Plaintiff Julius Lorenzo Kelley, Sr. ("Plaintiff") for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The parties have not consented to the jurisdiction of the magistrate judge; therefore, the motion is considered here as a recommendation to the District Court. *See* 28 U.S.C. § 636(b)(1)(B); *see also* Local Civil Rule 72.3(c). Plaintiff has not responded to Defendant's motion and the time for further briefing has expired. Accordingly, the motions are ripe for ruling. For the reasons set forth below, this court recommends Defendant's motion be

---

[1] Plaintiff identifies the defendant as "Social Security Administration." Compl. at 1 [DE-4]. However, the proper defendant in an action seeking an award of Social Security disability benefits is the Commissioner of the Social Security Administration ("SSA"). 20 C.F.R. § 422.210(d) ("Where any civil action [against the SSA] is instituted, the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant."); *see also Keesing v. Apfel*, 124 F. Supp. 2d 134, 135 (N.D.N.Y 2000) (citing *Ostroff v. Florida, Dep't of Health & Rehab. Servs.*, 554 F. Supp. 347, 352 (M.D. Fla. 1983) (explaining § 405(g) only authorizes suits against the Secretary of Health and Human Services, now the Commissioner of Social Security)). Accordingly, no other agency or government official is a proper party defendant and it is therefore recommended that the Social Security Administration be dismissed as a defendant.

ALLOWED.

## I. PROCEDURAL AND FACTUAL HISTORY

On 16 May 2011, Plaintiff, a North Carolina resident, initiated this action against Defendant, challenging the denial of his application for a period of disability and Disability Insurance Benefits ("DIB") pursuant to Title II of the Social Security Act ("the Act").[2] Compl. at 2 [DE-4]. Plaintiff seeks "[his] total benefits dating from 2002 until present day." Id. at 4. On 18 October 2011, in lieu of filing an Answer to the Complaint, Defendant filed the instant motion, to which Plaintiff has not responded.

Plaintiff protectively filed an application for a period of disability and DIB on 11 June 2007, alleging disability beginning 8 October 2002. Halse Decl. ¶ 3(a); ALJ Decision [DE-15.1 at 7]. His claim was denied initially and upon reconsideration. Id. A hearing before the ALJ was held on 2 February 2010, at which Claimant was represented by a non-attorney representative. ALJ Decision [DE-15.1 at 7]. On 4 March 2010, the ALJ issued a decision denying Claimant's request for benefits. Halse Decl. ¶ 3(b); ALJ Decision [DE-15.1 at 4]. On 31 March 2010, Plaintiff timely filed a Request for Review of Hearing Decision. Halse Decl. ¶ 3(c). This request is currently pending before the Appeals Council. Id.

---

[2] The factual summary is derived in part from the following exhibits attached to Defendant's brief in support of its motion to dismiss: (1) Declaration of Paul Halse, Acting Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration, see Decl. Paul Halse ("Halse Decl.") ¶ 1 [DE-15.1]; (2) Notice of Unfavorable Decision by Administrative Law Judge ("ALJ") Lisa R. Hall dated 4 March 2010 [DE-15.1 at 4-15]; and (3) Plaintiff's Request for Review of Hearing Decision Order [DE-15.1 at 16]. Plaintiff's complaint states only that " 4 doctors [have said] that [he] is totally disabled" and that if he was to work, "[he] would be a liability to anyone who hires [him]." Id. at 2.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of an action if the court lacks subject matter jurisdiction. When a defendant moves to dismiss on grounds of lack of subject matter jurisdiction, the burden of proving subject matter jurisdiction rests with the plaintiff. *Richmond, Fredericksburg & Potomac R. Co. (Richmond) v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). A party may attack the subject matter jurisdiction of the court on the grounds that the complaint fails to allege facts upon which subject matter jurisdiction can be based, or on the grounds that the jurisdictional facts alleged in the complaint are untrue. *United States v. North Carolina*, 180 F.3d 574, 580 (4th Cir. 1999); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A district court should allow a Rule 12(b)(1) motion to dismiss only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond*, 945 F.2d at 768 (citing *Adams*, 697 F.2d at 1219).

## III. ANALYSIS

Defendant has moved to dismiss Plaintiff's complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) on the basis that Plaintiff has failed to exhaust his administrative remedies in accordance with 42 U.S.C. § 405(g), the statute governing the social security benefits appeal process. This court agrees.

In order for this court to exercise jurisdiction over a decision of the Commissioner, that

3

decision must be considered the Commissioner's "final decision." *See* 42 U.S.C. § 405(g)[3] ("Any individual, after any *final decision* of the Commissioner . . . made after a hearing . . . may obtain a review of such decision by a civil action . . . .") (emphasis added); *see also Mathews v. Eldridge*, 424 U.S. 319, 327 (1976) (explaining "the only avenue for judicial review [of the denial of social security benefits] is 42 U.S.C. § 405(g), which requires exhaustion of the administrative remedies provided under the Social Security Act as a jurisdiction prerequisite"). To obtain a judicially reviewable "final decision" regarding entitlement to DIB, the claimant must complete an administrative review process. 20 C.F.R. § 404.900(a); *see generally Califano v. Sanders*, 430 U.S. 99, 101 (1977) (articulating general procedures). The administrative process consists of four steps: (1) initial determination, (2) reconsideration, (3) hearing before an administrative law judge ("ALJ"), and (4) Appeals Council review. *Id.* § 416.900(a)(1-4). Proceeding through these stages exhausts the claimant's administrative remedies. Only upon completion of these steps may the claimant then seek judicial review by filing an action in a federal district court. *Id.* § 404.900(a)(5). Throughout the administrative review process, the onus is on the claimant to request the next administrative step. *Id.* § 404.900(a)(1-4).

Here, the undisputed evidence before the court shows that Plaintiff has initiated the administrative review process before the SSA, but the process is not yet completed. In particular,

---

[3] Section 405(g) (Title II) provides as follows:

> Any individual, after any final decision of the Commissioner . . . made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner . . . may allow.

42 U.S.C. § 405(g).

4

exhibits submitted by Defendant indicate the first three steps of the administrative process have been completed. Halse Decl. ¶ 3(a) (stating after Plaintiff's claims were denied initially and upon reconsideration, Plaintiff timely sought a hearing before the ALJ). Plaintiff has also timely requested that the Appeals Council review the ALJ's decision. *Id.* ¶ 3(c). However, Plaintiff's request is currently pending before the Appeals Council; thus, a judicially reviewable final decision has not yet been rendered. *Id.*; *see* 20 C.F.R. § 404.981 (explaining a plaintiff may file an action in Federal district court within 60 days after the date he receives either a notice from the Appeals Council denying a request for review or a decision issued by the Appeals Council). Accordingly, Plaintiff has failed to carry his burden in demonstrating that the court has subject matter jurisdiction pursuant to 42 U.S.C. § 405(g). *See Mathews*, 424 U.S. at 327 (holding that the exhaustion of administrative remedies provided for by the Social Security Act is a "jurisdictional prerequisite" for judicial review by a district court).

Plaintiff's failure to exhaust administrative remedies should not be excused in this case. *See Bowen v. City of New York*, 476 U.S. 467, 481-85 (1986). Such a failure may be excused when (1) the claim is collateral to the claim for benefits; (2) the claimant would be irreparably harmed, and (3) relief is consistent with the policies underlying the exhaustion requirement. *Hyatt v. Heckler*, 807 F.2d 376, 378 (4th Cir.1986) (citing *Bowen*, 476 U.S. at 481-85). A failure to exhaust administrative remedies may also be excused where "the plaintiff asserts a 'colorable' constitutional claim that is 'collateral' to the merits." *Varandani v. Bowen*, 824 F.2d 307, 310 (4th Cir. 1987) (citing *Mathews*, 424 U.S. at 330-31). Here, Plaintiff has made no allegations from which this court may conclude an exception to the exhaustion requirement applies.

## IV. CONCLUSION

For the foregoing reasons, this court recommends that Defendant's motion to dismiss [DE-14] for lack of subject matter jurisdiction be ALLOWED.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days upon receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This, the 29th day of November, 2011.

Robert B. Jones, Jr.
United States Magistrate Judge

6